UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT GRIMSLEY,

                          Plaintiff,

            -against-

NIKE CORP, *et al.*,

                          Defendants.

21-CV-10745 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Robert Grimsley is currently detained in the Snake River Correctional Institution

in Oregon. By order dated December 17, 2021, the Court directed Plaintiff, within thirty days, to

submit a completed request to proceed *in forma pauperis* ("IFP application") and prisoner

authorization or pay the $402.00 in fees required to file a civil action in this Court. That order

specified that failure to comply would result in dismissal of the complaint. Plaintiff did not file

an IFP application and prisoner authorization or pay the fees. Instead, Plaintiff submitted a

"motion for relief from order," a declaration, a letter, a motion to correct the docket, and a civil

cover sheet (ECF Nos. 6-10). Plaintiff asserted in those documents that because Defendants

"kidnaped" him, he does not qualify as a prisoner. (ECF 6 at 2). By order dated February 3, 2022,

the Court dismissed the complaint without prejudice for failure to comply with the Court's order,

under 28 U.S.C. §§ 1914, 1915, and directed the Clerk of Court to terminate all outstanding

motions. The Court also informed Plaintiff that no further documents would be accepted in this

case, with the exception of those directed to the Second Circuit.

        Between February 14, 2022, and February 28, 2022, Plaintiff submitted to the Court a

letter, a motion "to recuse and rehear," and a declaration. (ECF 14-16.) Plaintiff seeks the Court's

recusal for allegedly "misapprehending his manstealing claim," and reiterates his assertion that he has been "kidnaped by defendants [sic] enterprise." (ECF 15, 16.)

The Court liberally construes these submissions as a motion for recusal, a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in these submissions, the Court denies the relief Plaintiff seeks.

## DISCUSSION

### A.    Motion for recusal

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted).

2

And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."
*Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir.
2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against
him on all his motions and where plaintiff had "speculated that the judge may have been
acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial
resources which have already been invested in the proceeding," *In re Int'l Business Machines
Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when
it is not called for as [s]he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861
F.2d 1307, 1312 (2d Cir. 1988).

Here, Plaintiff asserts that the undersigned "misapprehend[ed]" his arguments about why
he should not be required to either pay the filing fees or submit an IFP application and prisoner
authorization. (ECF 15.) Plaintiff thus seeks reconsideration based on the Court's rulings in the
matter before it. Because a judicial ruling is not a valid basis for a bias motion, *Liteky*, 510 U.S.
at 555, except in rare circumstances not present here, the Court denies the motion for recusal.

**B.      Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure
         59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must
demonstrate that the Court overlooked "controlling law or factual matters" that had been
previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).
"Such motions must be narrowly construed and strictly applied in order to discourage litigants
from making repetitive arguments on issues that have been thoroughly considered by the court."
*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see
also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)
("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

The Court dismissed Plaintiff's complaint without prejudice for failure to comply with the December 17, 2021 order addressing the filing fee. Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion "to recuse and rehear" (ECF 15) is denied, as are any arguments and requests for relief made in his letter and declaration (ECF 14, 16).

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 2, 2022
         New York, New York

              /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
              Chief United States District Judge